```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

EARL DUET                                    CIVIL ACTION

VERSUS                                       NO: 06-1825

CROSBY TUGS, ET AL.                          SECTION: R(4)

**ORDER AND REASONS**

Before the Court is plaintiff Earl Duet's motion for reconsideration of this Court's October 20, 2008 Order granting partial summary judgment to defendants. For the following reasons, the Court DENIES the motion.

**I.   Background**

This suit arises out of the alleged heart attack suffered by plaintiff Earl Duet on or about September 3, 2005 while he was working as captain of the M/V CROSBY CRUSADER, a vessel owned by defendant Crosby Tugs, LLC. Duet was working as a relief captain for the CROSBY CRUSADER on August 30, 2005. The next day, Captain Ervin Guidry decided to leave his post on the CROSBY CRUSADER to return home due to Hurricane Katrina. Guidry spoke with Duet and secured his permission to leave. After Guidry left, Duet was the only licensed captain aboard the vessel until he was relieved at 8 a.m. on September 3, 2005. At the time, the

vessel was "standing by" at the Port of Chaguaramas, near Trinidad, awaiting instructions from Crosby.  Duet asserts that due to the circumstances at the mouth of Chaguaramas, the vessel could not be anchored.  Defendants dispute this.

Duet claims that since there was no other captain, he did not really sleep during this three-day period, but "passed out" occasionally for periods of time on a sofa.  Duet maintains that he had to stay awake to avoid collisions with other vessels.  Duet allowed other crew members to "watch the wheel" of the vessel when he felt the need to lie down and rest on the sofa.  Duet claims that he repeatedly told all defendants that he was having difficulty piloting the vessel alone.  Defendants, however, claim that Duet never specifically contacted them to request assistance in piloting the vessel.  Duet alleges that on September 3, 2005, at around 7 a.m., he called Baerum, the person in Trinidad responsible for coordinating Crosby employees, and told him that he was suffering severe chest pains and vomiting.  Duet was relieved around 8 a.m. and sought medical care.  He was diagnosed as having had a heart attack.  Duet continues to suffer heart problems and claims he is chronically disabled.

On April 7, 2006 Duet sued his employer, Crosby Tugs, LLC, as well as Global Industries, Ltd., Global Industries Offshore, LLC, BP Energy Company, and BP Offshore Pipelines, Inc. under the

Jones Act and general maritime law.  At the time of plaintiff's injury, Global Industries, Global Industries Offshore, BP Energy, and BP Offshore Pipelines were working with Crosby in Trinidad on a pipe-laying project.  Plaintiff claims that defendants (1) failed to provide a safe place to work, including an adequate crew, (2) required plaintiff to work excessive hours which resulted in dangerous levels of stress ultimately culminating in a permanently disabling heart attack, (3) operated the CRUSADER with illegal Coast Guard violations including lack of a relief captain, (4) failed to provide plaintiff with a sufficient dock area for the vessel and barge that was in its tow, (5) ignored plaintiff's requests for assistance in piloting the CRUSADER and failed to provide assistance in piloting the CRUSADER, (6) failed to take any steps to remedy a known illegal condition of one captain aboard the CRUSADER for a period of several consecutive days, and (7) failed to provide plaintiff with adequate cure immediately following his heart attack including specifically denying him intensive care treatment in Trinidad.  On June 17, 2008, defendants Global Industries, Global Industries Offshore, and Crosby Tugs moved for partial summary judgment on all of plaintiff's claims except those for maintenance and cure.  This Court granted the motion in an Order entered on October 20, 2008. (R. Doc. 128).  Plaintiff now moves for reconsideration of the

Order.

## II. Legal Standard

A district court has considerable discretion to grant or deny a motion for reconsideration. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). A court's reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly. *See Fields v. Pool Offshore, Inc.*, No. Civ. A. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998), *aff'd*, 182 F.3d 353 (5th Cir. 1999); *Bardwell v. George G. Sharp, Inc.*, Nos. Civ. A. 93-3590, 93-3591, 1995 WL 517120, at *1 (E.D. La. Aug. 30, 1995). The Fifth Circuit has held that a motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). A Rule 59(e) motion "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 479 (quotation omitted). The Court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co.*, 6 F.3d at 355. To succeed on a motion for reconsideration, a party must "'clearly establish

either a manifest error of law or fact or must present newly discovered evidence.'" *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Pioneer Natural Res. USA, Inc. v. Paper, Allied Indus., Chem. & Energy Workers Int'l Union Local 4-487*, 328 F.3d 818, 820 (5th Cir. 2003)).

**III. Discussion**

Duet argues that the Court committed the following three legal errors: (1) it mistakenly subjected Duet to the zone of danger test; (2) it made a factual determination that Duet was given "too much," rather than "too dangerous," work; and (3) it mistakenly concluded that because *Miles v. Apex* limits the damages available in general maritime claims to those available under the Jones Act, Duet's unseaworthiness claim must be dismissed.

    **1.  Zone of danger**

Duet first claims that since he sustained an actual physical injury, he is not subject to the zone of danger requirement outlined in *Consolidated Rail Corp. v. Gottshall*, 512 U.S. 532, 542 (1994). Duet primarily relies on two Supreme Court cases, *Metro-North Commuter R.R. Co., v. Buckley*, 521 U.S. 424 (1997),

and *Norfolk and Western Railway Co. v. Ayers*, 538 U.S. 135 (2003).  In *Metro North,* the Supreme Court held that a plaintiff's fear of developing asbestosis from exposure to asbestos was governed by the *Gottshall* zone of danger test and that the exposure did not establish the physical injury requisite for recovery under that test. 521 U.S. at 436.  In contrast, the *Ayers* court held that a plaintiff who had actually contracted asbestosis need not satisfy the zone of danger test and could recover for emotional distress associated with the asbestosis and fear of cancer. 538 U.S. at 157.  Plaintiff contends that since the *Ayers* court permitted recovery to a plaintiff who complained of a negligently inflicted physical injury, he should similarly be allowed to recover.

Plaintiff has not established that this Court committed a manifest error of law.  The Court found that plaintiff suffered an emotional injury, albeit one with physical manifestations, and thus determined that the *Gottshall* test applied.  Plaintiff's injury is not comparable to the one in *Ayers*.  There, plaintiff contracted asbestosis from exposure to asbestos at work.  Thus plaintiff contracted a disease, a physical injury, from his physical exposure to asbestos — not an emotional injury.  In contrast, plaintiff here sustained an emotional injury - stress - that allegedly resulted in a physical injury - his heart attack.

Plaintiff's emotional distress was not provoked by a physical injury, rather, plaintiff's physical injury was provoked by emotional distress.  Neither Supreme Court case considers such circumstances, and the Court has not found any Fifth Circuit cases on point.[1]  Plaintiff has simply not shown that the Court committed a manifest error of law in its holding that *Gottshall* governed plaintiff's claims.

### 2. Factual determinations

Plaintiff next contends that the Court erred in making two factual determination regarding the merits of his claim. Plaintiff avers that the Court mistakenly determined that plaintiff was given "too much," not "too dangerous," work. Plaintiff also contends that the Court erred when it concluded that plaintiff had not shown a triable issue of fact as to whether he faced an immediate risk of physical harm or impact.

Plaintiff has not shown that the Court committed manifest error in applying the summary judgment standard.  As stated in the Court's Order:

> If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing

---

[1] In its previous Order, the Court relied on a factually similar Sixth Circuit case that found such circumstances to be governed by *Gottshall*. *See Szymanski v. Columbia Trans. Co.*, 154 F.3d 591, 594 (6th Cir. 1998).

> out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325, *Lavespere*, 910 F.2d at 178.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324.

(R. Doc. 128).  In their motion for partial summary judgment, defendants pointed to evidence suggesting that plaintiff's injuries resulted from "too much" work and noted the absence of evidence in the record that plaintiff faced an immediate risk of physical impact. (R. Doc. 111).  Plaintiff responded by citing evidence in the record.  But the evidence did not set out "specific facts" showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324.  Plaintiff's evidence that he worked long hours for three days with limited sleep did not establish a triable issue of fact as to whether his injury resulted from "too dangerous" work, and plaintiff's evidence that he tried to avoid other vessels while navigating did not establish a triable factual issue as to whether plaintiff was in immediate danger. Since plaintiff's evidence established no genuine issues of material fact, the Court did not commit manifest error in granting partial summary judgment.

### 3.    Application of *Miles v. Apex Marine Corp.*

Plaintiff also contends that the Court committed manifest

error in its conclusion that *Miles v. Apex Marine Corp.*, 498 U.S. 19, 36 (1990), mandates that plaintiff's claim be dismissed. Plaintiff cites no cases for this proposition, but rather, urges that the Court's decision is contrary to the intent of *Miles*. Plaintiff did not raise this argument, or any argument in opposition to dismissal of its unseaworthiness claim, in its opposition to summary judgment.  Since plaintiff did not argue this issue in its earlier opposition and has cited no caselaw to support its contention, the Court finds that reconsideration is not warranted.

**IV. Conclusion**

Accordingly, the Court DENIES plaintiff's motion for reconsideration.

New Orleans, Louisiana, this 16th day of December, 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE